IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAROLD JEFFREY STEWART, #AO1359 : | |
| Plaintiff : | |
| v. : | CIVIL ACTION NO. PJM-07-488 |
| STATE OF MARYLAND : | |
| Respondent : | |

## MEMORANDUM OPINION

Pending is a pro se pleading by Harold Jeffrey Stewart, a prisoner confined at the Prince George's County Detention Center. Petitioner styles his pleading as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court will grant Stewart thirty days to supplement his pleading to clarify the claims he intends to present and the relief he seeks.

Pro se pleadings are construed liberally and are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner* 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990).

As best as the Court is able to discern, Stewart is claiming that his attorneys have negligently represented him. He also appears to complain of prosecutorial misconduct. Stewart does not state the nature of the offense with which he was charged, whether he has been convicted, and, if convicted, indicate the sentence imposed.[1]

---

[1] If Stewart's intent is to challenge his incarceration, he may file for writ of habeas corpus under 28 U.S.C. §2254. He must first demonstrate, however, that he has exhausted his state court remedies before seeking federal habeas relief in this Court.

As an initial matter, the Court notes that the Federal Rules of Civil Procedure do not provide a vehicle by which Steward may challenge his state criminal judgement. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature). To the extent Stewart might intend to file a 42 U.S.C. §1983 civil rights claim, he must show that properly named defendants were acting "under color of" state law. Stewart's privately retained attorneys do not act under the color of state law when representing him during criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981). In regard to the state prosecutor, he does not explain the reasons why he believes the prosecutor committed prosecutorial misconduct. Additionally, Stewart does not provide the name of the prosecutor.

The Court will grant Plaintiff thirty days to supplement his action. Plaintiff must provide the following information: 1) the nature of the charges against him; 2) whether he was convicted; 3) the name of the state court where his case was considered; 4) the sentence imposed; 5) the names of the officials against whom he wants to file this action; 5) the reasons why he believes that he has a federal cause of action against Defendants; and 6) the relief he seeks. The Court will direct the Clerk to mail a civil rights information and forms packet to Plaintiff to complete and return within thirty days. Failure to timely comply may result in dismissal of the petition without prejudice.

                                                  /s/
                                      PETER J. MESSITTE
March 8, 2007                      UNITED STATES DISTRICT JUDGE